**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4829**

———————

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

     v.

NATHANIEL JOE PASS,

                 Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:09-cr-00134-RJC-1)

———————

Submitted: February 23, 2012     Decided: February 28, 2012

———————

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Angela G. Parrott, Acting Executive Director, Kevin A. Tate, Assistant Federal Defender, Charlotte, North Carolina, Matthew R. Segal, Assistant Federal Defender, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Joe Pass appeals a criminal judgment entered pursuant to a jury verdict finding him guilty of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B) (2006). On appeal, Pass challenges only his sixty-month sentence and the district court's directive that he pay $500 towards court appointed attorney fees. He first argues that he should have been sentenced in accordance with the Fair Sentencing Act of 2010, Pub. L. No. 111-220 (the "FSA"); the Government agrees with Pass that he should have been sentenced under the FSA's ameliorative provisions, but contends that the district court's failure to do so was harmless. Pass also contends that the district court erred in requiring that he repay a portion of his court-appointed attorneys' fees in the absence of specific findings on the record that Pass possessed the resources to do so. See United States v. Moore, 666 F.3d 313, 320-24 (4th Cir. 2012).

As the Government's current stance regarding the application of the FSA could result in the imposition of a guideline sentence rather than a statutory mandatory minimum sentence, we think it prudent that the district court reconsider Pass' sentence in light of that view. See United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010) (discussing ineligibility of defendant sentenced to statutory minimum for

2

sentence reduction based on guideline amendments). Further, as the district court lacked the benefit of our decision in Moore in ordering payment of partial attorney fees, we conclude the district court should reconsider that issue as well. We therefore affirm Pass' conviction, vacate his sentence, and remand for further proceedings consistent with this opinion. By this disposition, however, we indicate no view whether the FSA is retroactively applicable to a defendant like Pass, whose offense was committed prior to August 3, 2010, the effective date of the FSA, but who was sentenced after that date. We leave that determination in the first instance to the district court.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[*] We note that at Pass' sentencing hearing, counsel for the defendant unsuccessfully argued for retroactive application of the FSA. Nevertheless, in light of the Attorney General's revised view on the retroactivity of the FSA, as well as the development of case law on this point in other jurisdictions, we think it appropriate, without indicating any view as to the outcome, to accord the district court an opportunity to consider the matter anew.